**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT BECKLEY**

**UNITED STATES OF AMERICA**

**v.** **CRIMINAL NO. 5:18-00054**

**RASHAUN CARTER**

**MEMORANDUM OPINION AND ORDER**

Pending before the court is defendant's motion to reduce his sentence based upon a reduction in the applicable sentencing guideline. See ECF No. 37. On November 1, 2023, a multi-part criminal history amendment designated as Amendment 821 in Appendix C to the *Guidelines Manual* became effective. Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new §4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Parts A and B, subpart 1 of the criminal history amendment both have retroactive effect. Recognizing that the courts, probation officers, and the Bureau of Prisons would need time to process motions and prepare release plans, the Commission also decided to require that any reduction in the

term of imprisonment based on retroactive application of Amendment 821 not be effective until February 1, 2024, or later. (See Amendment 825 to USSG §1B1.10, effective November 1, 2023). Accordingly, an order reducing a term of imprisonment based upon retroactive application of Amendment 821 must have an effective date of February 1, 2024, or later.

Carter argues that he qualifies as a Zero-Point Offender and asks that his sentence be reduced. Specifically, he asks that his sentencing guidelines be recalculated to include the two-level reduction as a Zero-Point Offender and that he be resentenced within the newly-calculated guideline.

United States Sentencing Guideline § 4C1.1 provides for a two-level reduction in the offense level for "Certain Zero-Point Offenders." To qualify for the reduction, a defendant must satisfy all of the following criteria:

(1) the defendant did not receive any criminal history points from Chapter Four, Part A;

(2) the defendant did not receive an adjustment under §3A1.1 (Terrorism);

(3) the defendant did not use violence or credible threats of violence in connection with the offense;

(4) the offense did not result in death or serious bodily injury;

(5) the instant offense of conviction is not a sex offense;

(6) the defendant did not personally cause substantial financial hardship;

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);

(9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and

(10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848.

The United States Probation Office reviewed Carter's file to see if he was eligible for a sentence reduction and, by a Retroactive Sentencing Addendum dated January 30, 2024, determined that he was not. See ECF No. 39 (SEALED). According to the Probation Office, Carter could not satisfy the tenth factor because he did receive an aggravating role adjustment under §3B1.1.

At sentencing, the original presentence investigation report ("PSI") recommended that defendant receive a three-level enhancement, pursuant to USSG §3B1.1(b), for his supervisory role in the drug conspiracy outlined in the indictment. At sentencing, defendant objected to application of the enhancement

and, for reasons placed on the record at sentencing, defendant's objection was overruled. Defendant's sentencing guideline range was based upon a Total Offense Level of 32 and a Criminal History Category of I, defendant having received zero criminal history points. The resulting advisory guideline range was 121 to 151 months imprisonment. On July 26, 2018, Carter was sentenced to a term of imprisonment of 121 months, a five-year term of supervised release, no fine, and a $100 special assessment.

The court has considered the original PSI, the Judgment and Commitment Order and Statement of Reasons, and the Probation Office's addendum. Having reviewed the record in this case, the court agrees with the Probation Office that Carter is ineligible for a sentence reduction as a Zero-Point Offender. He cannot satisfy all the criteria outlined in §3B1.1. because, as discussed above, he received an Aggravating Role adjustment and cannot satisfy USSG § 4C1.1(a)(10).[1]

1 The court finds no merit in any argument that defendant satisfies USSG § 4C1.1(a)(10) because he was not also engaged in a continuing criminal enterprise. See, e.g., United States v. Arroyo-Mata, CRIMINAL ACTION FILE NO. 1:09-cr-13-TCB, 2024 WL 1367796, *1 (N.D. Ga. Apr. 1, 2024) ("Arroyo-Mata received a two-level upward adjustment under U.S.S.G. § 3B1.1 for his role in the offense. Still, he argues that because he was not engaged in a continuing criminal enterprise, he is still eligible for Amendment 821 relief. In other words, because

For all these reasons, Carter's motion for a sentence reduction is **DENIED.**

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to defendant at 707 South Oakwood, Apt. 11, Beckley, WV 25801,[2] counsel of record, the United States Attorney, the Federal Public Defender, the United States Marshal for the Southern District of West Virginia, and the United States Probation Office.

**IT IS SO ORDERED** this 4th day of September, 2024.

ENTER:

David A. Faber
Senior United States District Judge

U.S.S.G. § 4C1.1(a)(10) uses 'and,' a defendant is disqualified for Amendment 821 relief only when he received an adjustment under U.S.S.G. § 3B1.1 and was engaged in a continuing criminal enterprise. This is a crafty argument, but it lacks merit."). For the reasons discussed in Arroyo-Mata, the cases cited therein, and the cases that follow, the court joins the numerous other courts that have rejected this argument. See also United States v. Magallanes-Flores, Criminal No. 4:12-cr-00025, 2024 WL 2925751, at *4-5 (W.D. Va. June 10, 2024); United States v. Vladimirov, CRIMINAL ACTION NO. 2:20-cr-00054, 2024 WL 1468933, at *1-2 (S.D.W. Va. Apr. 4, 2024) (Berger, J.).

2 Although the BOP's Inmate Locater indicates that Carter is housed at Pittsburgh RRM, he has informed the court that he is on home confinement pursuant to the CARES Act. See ECF No. 37 at 4.